Daniel Baczynski, Bar No. 15530
BACZYNSKI LAW, PLLC
11167 S. Aspen Peak Dr.
South Jordan, UT 84095
(708) 715-2234
dan@bskilaw.com
Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT
STATE OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| DAMON CRIST, *on behalf of himself and a class of similarly situated individuals,*<br><br>Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF CORRECTIONS, BRIAN NELSON, MATT COOMBS, SGT. WATERS, SGT LABOUNTY, and JOHN DOES 1-10,<br><br>Defendants. | **PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND JOIN ADDITIONAL PARTY DEFENDANTS**<br><br>Case No. 2:21-cv-00445-JNP-DBP<br><br>Judge: Parrish |

Plaintiff, by and through his counsel of record, submits this motion and memorandum pursuant to Federal Rule of Civil Procedure 15(a) and 20 seeking to add additional claims against the Department of Corrections and add new party defendants.

**INTRODUCTION**

Plaintiff recently filed the present complaint against DOC and fellow Defendants alleging negligence and constitutional violations related to their abuse of scanning machines. At the same time, Plaintiff was in the process of completing the prelitigation requirements for his medical malpractice claim related to DOC's treatment of a COVID outbreak in the Draper Correctional Facility (DCF). Plaintiff recently completed the medical malpractice requirements and seeks to

add his medical malpractice claims (and related constitutional claims) to the present case so he can litigate all causes of action against DOC in one forum. If granted, Plaintiff further asks the Court, in its discretion, to allow joinder of additional defendants related to Crist's COVID claims.

## BACKGROUND

The case was filed in state court on June 5, 2021, and then removed by Defendants to federal court on July 22, 2021. (D.E. 1). Defendants each filed an Answer on September 22, 2021. (D.E. 16 - 19).

The Court entered a Scheduling Order on August 24th, 2021. (D.E. 13). The Order sets a cutoff date for motions to amend and join additional parties for April 15, 2022. That date has not yet passed.

The Scheduling Order also provides for phased discovery. The First Phase, limited to class discovery, does not run until February 15, 2022. Merit discovery follows. To date the parties have exchanged in initial disclosures but have not engaged in any other form of discovery.

On November 10, 2021, Crist received a Certificate of Completion from DOPL for his medical malpractice claims after the prelitigation panel founds his claims meritorious. The Certificate of Compliance covers all parties Plaintiff now seeks to add: Tony Washington, Dr. Olsen, Dr. Power, Dr. Nowicki, PA Maria Campbell, RN Wesley Shuman, and Medical Technician Jordan.

## ARGUMENT

**I.  The Court should grant leave to add claims related to DOC's handling of COVID pursuant to Rule 15.**

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its

pleadings by leave of the Court, "and leave shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 83 S. Ct. 227 (1962). Under 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented". Plaintiff could not have brought his medical malpractice claims until after obtaining his certificate of compliance, an event that occurred after the present case was filed. Accordingly, it is appropriate for the Court to consider the addition of a new cause of action.

As to the allegations themselves, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Mgr., Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005); see *Foman*, 371 U.S. at 182.

In addressing claims of undue delay, the 10th Circuit focuses on the reason for any delay, holding that denial of leave to amend is only appropriate "when the party filing the motion has no adequate explanation for the delay." *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993). Regarding prejudice, "as a general rule, a plaintiff should not be prevented from pursuing a valid claim . . ., provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits." *Eastern Food Servs., Inc. v. Pontifical Catholic Univ. Servs. Ass'n*, 357 F.3d 1, 8 (1st Cir. 2004). "[O]utright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman*, 371 U.S. at 182.

None of the factors which would justify denial of the motion to amend are present. There is no showing of undue delay, undue prejudice, bad faith, or dilatory motive. Plaintiff moved to amend the complaint shortly after receiving a Certificate of Completion. Has the medical malpractice claims not needed the certificate, Crist's claims related to COVID would have been included in the original complaint.

Furthermore, because the case is still in the initial steps of litigation, the parties have not conducted discovery meaningful discovery other than exchanging initial disclosures. Plaintiff has gained no advantage by moving forth with an amended complaint, therefore there is no evidence of bad faith or dilatory motive.

## II.     If the Court grants leave to add COVID claims against DOC, Plaintiff asks that the Court allow joinder of parties related to his COVID claims.

If the Court allows Plaintiff to pursue COVID claims against DOC, Plaintiff respectfully requests the Court allow permissive joinder as to DOC employees Tony Washington, Dr. Olsen, Dr. Power, Dr. Nowicki, PA Campbell, and Medical Technician Jorden for their roles in DOC's failure to provide medical care to inmates quarantined with CVOID

Pursuant to Fed. R. Civ. P. 20, the Court has discretion to add new parties under the doctrine of permissive joinder. *Watson v. Blankinship*, 20 F.3d 383, 389 (10th Cir. 1994) (reviewing Rule 20 joinder under an "abuse of discretion" standard). Permissive joinder is intended to promote judicial economy by avoiding multiple trials involving similar or identical issues. § 1653 Permissive Joinder of Parties under Rule 20(a)—The Transaction and Common-Question Requirements, 7 Fed. Prac. & Proc. Civ. § 1653 (3d ed.); *Goodman v. H. Hentz & Co.*, 265 F. Supp. 440, 443 (N.D. Ill. 1967).

The Rule, however, does not allow for unlimited joinder – some basic elements must first be satisfied to justify the addition of a new party. When adding new defendants, a plaintiff must

show: (1) "any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (2) "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(b).

But though required for joinder, "[t]he transaction and common-question requirements prescribed by Rule 20(a) are not rigid tests." § 1653 Permissive Joinder of Parties under Rule 20(a)—The Transaction and Common-Question Requirements, 7 Fed. Prac. & Proc. Civ. § 1653 (3d ed.). Rather, they are intended as "flexible concepts" and should be interpreted "as broadly as possible whenever doing so is likely to promote judicial economy". *Id*. Accordingly, even "marginally related parties" can be joined at the pleading stage. *Id*.

Under the liberal party joinder standards, Plaintiff has demonstrated compliance with Rule 20. If COVID claims against DOC are include in the present suit, the new parties to be added share a common transaction (or series of transactions) with the current defendants. Moreover, there are shared questions of fact and law which would need to be duplicated at trial if the cases were not merged. Joinder is allowed and should be granted.

## CONCLUSION

Plaintiff respectfully requests the Court grant leave to file an amended complaint. If granted, Plaintiff also requests the Court join as defendants parties related to the COVID claim. DATED this 16th day of November, 2021.

**BACZYNSKI LAW, PLLC**

/s/     Daniel Baczynski
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on this 11/16/2021. I caused a true and correct copy of this Attorney Planning Meeting Report was served on all parties of record through the Court's electronic filing system with service provided to all counsel of record.

/s/     Daniel Baczynski